# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| GREGORY L. MOODY, <br><br> Petitioner, <br><br> v. <br><br> SHAWN PHILLIPS[1] and <br> HERBERT HARRISON SLATTERY, III, <br><br> Respondents. | No. 1:17-cv-01187-STA-egb |

## ORDER DIRECTING CLERK TO MODIFY RESPONDENT, GRANTING RULE 60(b) MOTION, VACATING ORDER OF DISMISSAL, AND DIRECTING RESPONDENTS TO RESPOND TO AMENDED PETITION

On September 27, 2017, Petitioner Gregory L. Moody filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 (the "Petition") (ECF No. 1). By Order dated October 4, 2017, the Court directed Petitioner to file an amended petition on the Court's official form within twenty-eight days (ECF No. 5). On November 7, 2017, the Court dismissed the Petition without prejudice for Moody's failure to file an amended petition (ECF No. 6). Petitioner thereafter refiled his habeas claims on the Court's official form (ECF No. 7) (the "Amended Petition"). The Amended Petition was accompanied by a Motion for Relief from Judgment (ECF No. 8), Petitioner's Affidavit (ECF No. 8-1), and the Affidavit of prison legal aide Calvin Tankelsky (ECF No. 8-2). For the reasons that follow, the Rule 60 motion is **GRANTED**.

Under Rule 60(b), a district court may relieve a party from final judgment or order on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence

---

[1] The Clerk is **DIRECTED** to substitute Shawn Phillips for Michael Parris. *See* Fed. R. Civ. P. 25(d).

which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

A district court considering a motion under Rule 60(b) may "take into account a variety of factors in addition to the specific ground given for" vacating the judgment or order, including "the diligence of the movant, the probable merit of the movant's underlying claims, [and] the opposing party's reliance interests in the finality of the judgment" or order. *Gonzalez v. Crosby*, 545 U.S. 524, 540 (2005) (Stevens, J., dissenting). In addition, a party seeking relief under any subsection of Rule 60(b) must show that he filed his motion "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court finds that, for purposes of subsection (b)(1) of Rule 60, Petitioner has established excusable neglect for his failure to timely file his Amended Petition. The Affidavits demonstrate that Petitioner had limited access to the law library between the time he received the Court's order directing him to file an amended petition and the due date of the document, and that he diligently sought to comply with the order. *See* Aff. of Gregory L. Moody, Jr., at 1–2, Nov. 21, 2017, ECF No. 8-1; Aff. of Calvin Tankelsky, at 1–2, Nov. 27, 2017,[2] ECF No. 8-2. Although the timeline of events is not entirely clear from the Affidavits, the Court finds that Petitioner has adequately explained his late filing.

---

[2] While the statements of Calvin Tankelsky in his Affidavit were certainly not made six days after the Affidavit was given to prison officials for mailing, the Affidavit is undated other than the date it was filed.

Other factors also support relief from the Order of Dismissal. The Rule 60 Motion was filed within a reasonable period of time, as it was tendered to prison officials for filing just two weeks after the Court's Order. *See* Envelope, Nov. 21, 2017, ECF No. 7-22. In addition, because Respondents have not been ordered to file anything in this case to date, their reliance interests are minimal and vacation of the Order of Dismissal would not prejudice them.

Accordingly, the Motion for Relief from Judgment is hereby **GRANTED**. And the Dismissal Order is accordingly **VACATED**.

It is **ORDERED**, pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("Habeas Rules"), that Respondents file a response to the Amended Petition within twenty-eight (28) days. Respondents are advised to read the following paragraph carefully because many of the requirements for this response are new.

For each claim presented, the answer must state whether the claim was exhausted, in whole or in part, in state court and must assert appropriate procedural defenses. Where only a portion of a claim has been exhausted in state court, the answer must specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits analysis is appropriate, the answer must: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the Petitioner's argument that he is entitled to habeas relief with appropriately reasoned legal and factual argument. The response must include the complete state-court record, as defined in Administrative Order 16-31. The record must be organized and appropriately indexed in the manner specified in Administrative Order 16-31. Each docket entry in CM-ECF must have a label corresponding to the index.

It is further **ORDERED** that the Clerk send a copy of the Petition and this Order to Respondents and to the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondents' answer or response within twenty-eight (28) days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply. The Court will address the merits of the Amended Petition, or of any motion filed by Respondents, after the expiration of Petitioner's time to reply, as extended.

    **IT IS SO ORDERED**.

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 9, 2018.